The next case is Lall v. New York City Housing Authority. Good morning. Please, this is the court. Hi. Mr. Lall? Huh? Yes. Can you come forward with your argument? Okay. I'm just trying to get a wrongful termination lawsuit reinstated, which was dismissed because of a timing issue, claiming from the defendant. I have presented, filed a case, I believe, within the time frame, and they haven't provided no evidence when I opened the email, when I read the email, you know, any time I actually worked on this email. So I'm just trying to get this lawsuit to go forward and have this case reversed. That's basically the gist of it. There's nothing fancy here. Good afternoon. May it please the court. My name is Han Li, appearing on behalf of the New York City Housing Authority. The district court properly concluded that the complaint was filed untimely because it was filed after the 90-day filing window. And that is true whether we count the 90-day filing window to commence from the date that Mr. Lall received the right to sue letter issued by the EOC or the one issued by the Department of Justice. And is that time limit subject to equitable estoppel? It would be, Your Honor, except that the district court held and we agreed with the district court that Mr. Lall failed to show the extraordinary circumstance that would warrant equitable tolling. Is the, well, is it not at least an unusual circumstance that you get a letter from the government saying that the time you have runs from the time that you opened this letter rather than from the time, which I think is correctly what the statute says, that we sent the letter? Even if it was unusual, as Your Honor said, it's still, I don't think, extraordinary as required by the case law. That is a template letter. And I think the issue here is also the fact that there are two letters issued. So the complaint was filed either six or nine days late based on the first EOC right to sue letter. So it's really just, you know, the DOJ letter that put this within the one-day late time period. And we have the e-mail. Right. But they both say, both letters say it's from the time that you opened this. Now, is there a problem with Mr. Lall's reliance on that? Because he never said in the district court, as far as I know. But I'm asking you as an officer of the court, is there anything in the record that suggests that Mr. Lall took that to heart and thought that he had more time than he did? Actually, Your Honor, I think the record actually is very clear on why he filed late. He filed late because he mistakenly believed that he needed an attorney to file a complaint. And he was also negligent because whatever his misunderstanding was about how to navigate the court system, a negligent pro se plaintiff would go to simply a pro se office and get assistance. And there is, in the record, that exchange between him and the EOC investigator. And that exchange is very clear explaining, or he explained to the investigator, why he filed this late. He didn't know that he could file it without the assistance of counsel. And even the letter, does it really say that it runs from the day when you open the e-mail? I mean, it says, if you choose to file a lawsuit against the Respondents named in the Charter of Discrimination, you must file a complaint in court within 90 days of the date you received this notice. And receive is boldface and italicized. There is a sentence that says receipt generally means the date when you, as a representative, open this e-mail or mail. And the next sentence says, you should keep a record of the date you received this notice. So, I mean, received is twice in boldface. And the thing about when you open it, it's generally, I mean, generally I open an e-mail the same day that I receive it. So I'm not really sure what it would mean to rely on that sentence. Thank you. Thank you. Thank you for really making that argument for me. And I think that's also sort of the confusing part about Mr. Lau's argument, right? Because he's accusing the housing authority of not proving when he opened this e-mail the attachment. But really, that is, we wouldn't have that information. That is within his control. And I want to highlight in the record, he never once filed an affidavit to affirm when he supposedly actually opened the e-mail and got the attachment. All right. So even if you were relying on this to say that you could use the opening date if you refused to open your e-mail for a couple days, it says you need to keep a record of the date you received it. So there would need to be some kind of documentation that, like, it came into my inbox on a certain day, but I didn't open it until another day. Yes. Thank you. Again, I think the other point is, and we've argued this in our brief, I mean, I think adopting Mr. Lau's argument would really create confusion and uncertainty. It is entirely within the control of the recipient of the e-mail to when they choose to open it. And I think if we actually— Do you have that boilerplate language? You don't represent the EEOC, I guess, so it's a— I do agree that it is—I will concede that it is somewhat confusing because there are different two terms that are being used, but it is—it says received multiple times, as Your Honor has pointed out. If there is no further questions, thank you very much. Mr. Lau? Yes. So I did have equitable circumstances. I was just terminated from NYCHA for wrongful termination. I'm unemployed. I'm a widow. I explained this all to the EEOC when I filed my complaint in September before I was terminated from NYCHA. They didn't give me a ruling until February—April. I was on the phone interviewing—so April I got the letter. I was working consulting. I still have a permanent job, no health insurance. I'm still looking for a permit because of their situation. I was looking for a lawyer, contacting lawyers, couldn't find any lawyers. Everybody kept calling. I don't have the time, so I started working. The EEOC, which is great for them, they called me saying, Mr. Lau, you're running out of time. You should go file right away. That same day, I left my job and I went to the court and I filed. That's when the EEOC instructed me. They said, you still have time. So I was following their orders. Yeah, unfortunately, that was already too late, really. When they called you, they should have called you a day before. They should have called me before, but once again, I'm not a lawyer. This is not my primary thing. But the issue is—the issue is, unfortunately, the time limit is what the time limit is. So did you ever say to the district court or to anybody else that—well, I take it you're not even saying now. The reason why you took so long was because of these various circumstances in your life. Yeah. And plus, I didn't know I could file a lawsuit by myself. Right. That was known to me by the EEOC. That should have given instructions when I received that letter. But I still fall within the nine days required what she's saying. I did not open that letter. I did not read that letter. They had no evidence to when I opened this letter. I did not look at that letter until the following Sunday when I had time because I worked Monday through Friday. You've never said ever that the reason that it took you until the date that it was was because, oh, I thought I had 90 days from the time that I opened the letter as opposed—or the e-mail. That's not— From the April time or— You have never said, when I got this letter, I marked on my calendar, for example, 90 days from now is when I have to act by. No, I didn't. No. I spoke to the EEOC after I received the letter on Monday. She goes, I need for you to confirm over the phone that you received the e-mail. I said, yes. She goes, now I let you know you have 90 days. And that was that following Monday because I had that conversation with the—she's on the e-mail. Because she called me Monday and says, did you receive the—she was a very nice lady. She called me on Monday morning at work and said, did you receive the e-mail? I said, I did. She goes, okay, now your 90-day starts. You have to find a lawyer and you can continue with your lawsuit. So at that point— The letter itself says if you intend to consult an attorney, you should do so promptly. Yes. But you thought you were required to do so. I called several attorneys. Trust me, I can't afford them and I can't—some of them said no. That was in October 2023. Some e-mails suggest that it was in October. I mean, did you do anything— I got terminated November 23. November 23. Yeah. But the reason you were reaching out to find a lawyer is you thought you had to have one in order to go forward. When I spoke to EEOC, yes. When I originally filed my complaint in September of 23 before I was terminated, they finally launched an investigation in January. That's when I first spoke to someone in EEOC. You know, they did like a disposition. They had like several people talking to me, notes and everything. And that's when they'll take their case. And then in April, I received this letter, which I didn't think I would have gotten, the right to sue letter. After that, I received that on a Thursday, I believe. You can check the calendar. On Monday, the EEOC called me back. Ms. Debra—I think her name was Debra—said, did you receive the letter, Ms. Kalawa? I said, yes. She goes, okay, you're 90 days. You have to find a lawyer, and you can continue with your lawsuit if you so wish. I started working a consultant job back in China. I have to make money because of their situation. I have no insurance. I have three kids. I'm a widower. You know, life is hard. So I called like—I have numbers of calls. I called like 10 lawyers. They all gave me a hard time. It was like a pain.  And eventually, just left it on the sideline. The EEOC actually was the one that prompted me. It goes, Mr. Lowell, you should file. If you want to file your lawsuit, you have 90 days to do it, and today is your last day. And that's the day I went down to the court, and I filed. I had my boss confirm that. That was working. He left that day, that morning, and I jetted to this courthouse right here. And I filed my lawsuit. So they gave me that time. They said, you have to file today. This is your last deadline. That was the date of whatever date that filing is. And that's when they decided to challenge me on not the merits of the case, but on the time. They ignored everything about the merits of the case. And I've spoken to them several times, the legal department. And it's funny how they want to follow procedures now when their own procedures they don't follow. You know, so they pick and choose what procedures to follow in their world. Thank you so much for this. Have your brief, and thank you for coming today. Okay. And we will take the matter under advisement. Thank you. You have a good day.